IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT EARLE NOBLE,            )
                               )   C.A. No. 18-006 Erie
              Plaintiff        )
                               )
         v.                    )   United States Magistrate Judge
                               )   Richard A. Lanzillo
THE CITY OF ERIE, ET AL,       )
                               )
              Defendants.      )

MEMORANDUM OPINION AND ORDER

I. Introduction

Presently before the Court is Defendants' Motion to Dismiss. ECF No. 18. Plaintiff has also filed a memorandum in opposition. ECF No. 21. For the reasons that follow, this matter will be **STAYED** pending resolution of the Plaintiff's criminal prosecution in this Court.

II. Relevant Procedural History

Plaintiff Robert Earl Noble (Plaintiff or Noble) was initially charged in state court, but those charges were *nolle prossed* and the United States assumed jurisdiction and initiated prosecution. *See, e.g., United States v. Jones*, 503 Fed. Appx. 174, 176 (3d Cir. 2012). *See also* ECF No. 4, at 5, ¶19. Noble was indicted by a federal grand jury sitting in this District with one count of unlawful possession with intent to distribute twenty-eight (28) grams or more of crack cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). ECF No. 1. He pleaded not guilty and is currently incarcerated in the Erie County Prison awaiting trial at case number No. 1:17-cr-00005. *See also* ECF No. 16. With his criminal trial currently pending, Noble filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, raising various challenges to his arrest

1

by state authorities.¹ Defendants the City of Erie and various officials of its police department ("City" or "Defendants", unless individually identified) filed a motion to dismiss, a brief in support of that motion, and other supporting materials on April 11, 2018.² ECF No. 18, ECF No. 19. Noble responded in opposition to the City's motion on April 25, 2018. ECF No. 21, ECF No. 22. This case was transferred to the docket of United States District Judge Susan Paradise Baxter on September 18, 2018 and referred to the undersigned on September 27, 2018. ECF No. 34, ECF No. 35.

III.    The Complaint

Noble's federal indictment resulted from the execution of a search warrant at his residence that produced the amount of crack cocaine at issue. The factual background of the search has been previously reported and the Court takes judicial notice of the findings of this Court in that matter. *United States v. Noble*, 2018 WL 4501075 at *1 (W.D. Pa. 2018). *See also Jackson v. Davis*, 2014 WL 3420462 at *1 n.1 (W.D. Pa. 2014) (taking judicial notice of developments and relevant rulings in plaintiff's state criminal proceedings). The warrant authorizing the search of Noble's residence was supported by an affidavit from Defendant Triana describing two controlled purchases of cocaine that occurred between a confidential informant ("CI") and Noble within the previous two weeks. *Id.* Before each purchase took place, the CI was searched and no money or contraband was detected. *Id.* Then, the CI was provided an amount of marked money to make the purchase with. *Id.* Police officers were able to observe

---

¹ Noble initiated his civil rights action with the filing of a Motion for Leave to Proceed in forma pauperis on January 8, 2018. ECF No. 1. This motion was granted on January 11, 2018 and his complaint was docketed on January 12, 2018. ECF No. 3, ECF No. 4.

² In addition to the City of Erie, Noble named Chief of Police Donald Dacus, Lt. Michael Nolan, Det. Jason Triana, Det. Steve DeLuca, and Det. Michael Chodubski as Defendants, suing them in both their official and individual capacities. Dacus is no longer chief of police and Nolan has been promoted to Deputy Chief. *See* www.erie.pa.us/police/divisions/officeofechief/chiefofpolice.aspx.

both Noble and the CI throughout the transaction, and the marked money was later found on Noble during the execution of the search and he was arrested. *Id.*

Filed under 42 U.S.C. § 1983, Noble's complaint alleges various violations of the Fourth Amendment, including malicious prosecution [ECF No. 4, at 6, ¶24], unreasonable search and seizure [ECF No. 4, at 6, ¶25], false arrest [ECF No. 4, at 6, ¶26], and false imprisonment [ECF No. 4, at 6, ¶27]. Noble also raises a broad-based Fourth Amendment claim, arguing that Defendant Triana violated his rights to be free from an unreasonable search and seizure because the search warrant lacked probable cause. ECF No. 4, at 6, ¶ 25. The Complaint further brings claims of excessive bail, in violation of the Eighth Amendment [ECF No. 4, at 7, ¶ 28] as well as an allegation of municipal liability based on custom, practice, and deliberate indifference, in addition to liability by operation of a failure to train theory. Noble asks for declaratory, injunctive and monetary relief.

Section 1983 of Title 42 of the United States Code creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish Section 1983 liability, plaintiffs must prove a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." *Kneipp*, 95 F.3d at 1204 (*quoting Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995)). The ultimate success of Noble's claims for false arrest, false imprisonment, malicious prosecution, and his general Fourth Amendment claim all require that he show that the Defendants lacked probable cause to arrest him. *See, e.g., Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (requiring § 1983 plaintiff to demonstrate

a lack of probable cause to prove false arrest claim); *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (requiring that § 1983 plaintiff bringing malicious prosecution claim to show that "the proceeding was initiated without probable cause"). This determination is complicated by the present procedural posture of Noble's criminal prosecution.

In that matter, Noble filed a "Motion Challenging the Veracity and Sufficiency of the Search Warrant and Motion to Suppress Evidence." No. 1:17-cr-005, ECF No. 53. Noble contended that errors and omissions in the affidavit of probable cause rendered his arrest unconstitutional. No. 1:17-cr-005, ECF No. 53, at 3-12. The Government filed a memorandum in opposition. No. 1:17-cr-005, ECF No. 63. The District Court has not yet ruled on this motion.

In some situations, a claim of false arrest, for example, does not necessarily implicate the validity of a conviction or sentence. *See, e.g., Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). But, "if a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case . . . has ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Given the pivotal importance of the question of probable cause in both Noble's criminal prosecution and civil case, the Court will stay these proceedings.[3] Not doing so would cause the Court to inappropriately "speculate about whether [the] prosecution . . . will result in a conviction, and whether the impending civil action will impugn that verdict . . . ." *Id.* at 393. *See also Linh Thi Minh Tran v. Kuehl, et al.*, 2018 WL49779 (D. Or. Aug. 13, 2018) (noting *Wallace* applies solely to stays for pre-conviction parallel civil proceedings).

---

[3] Staying this matter is not dispositive of the action because it does not terminate the underlying action. *In re Milo's Kitchen Dog Treats*, 2013 WL 6628636 (W.D. Pa. Dec. 17, 2013) ("It is well-settled that a motion to stay is a non-dispositive matter and appropriately ruled on by a federal magistrate judge."). *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (holding that a dispositive order is one that "terminates the matter in federal court"). *See also* 28 U.S.C. § 636(b)(1)(A). Therefore, such an order may be entered by the undersigned, without referral to a United States District Judge. *Id. See also* LCvR 72(C).

IV. Order

Accordingly, it is hereby **ORDERED** that the proceedings in this case are **STAYED** and this case is **ADMINISTRATIVELY CLOSED** pending disposition of the criminal proceedings against Plaintiff, docketed at *United States v. Noble*, Western District of Pennsylvania Case No. 1:17-cr-005. This case may be reopened by the Plaintiff's filing of a Motion to Reopen Case after final disposition of the criminal proceedings, including final disposition of any appellate proceedings and post-conviction matters.

It is further **ORDERED** that Plaintiff notify the Court in writing concerning the final disposition of the criminal charges pending against him in the above cited criminal action.

In accordance with the Federal Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a), and LCvR 72(C)(2), the parties may, within fourteen (14) days from the date of this order, file written objections to this order. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

_____
The Honorable Richard A. Lanzillo
United States Magistrate Judge

Date: October 15, 2018